UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DEBORAH DAVIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:25-CV-1546-ZMB |
| ) | |
| THE ADVANCED COMPOSITE CENTER, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

Before the Court is self-represented Plaintiff Deborah Davis's Employment Discrimination Complaint and Application to Proceed in District Court Without Prepaying Fees or Costs. Docs. 1–2. Upon review, the Court finds that both documents are incomplete. Accordingly, the Court will deny without prejudice Davis's application. Should she seek to continue this action, no later than November 3, 2025, she must file: (1) a complete application or the $405 filing fee, (2) an amended complaint, and (3) a copy of the charge of discrimination she filed with the Equal Employment Opportunity Commission ("EEOC").

**I.   Application to Proceed in District Court without Prepaying Fees or Costs**

With the commencement of this action, Davis filed an application to proceed in forma pauperis. *See* Doc. 2. The Court has reviewed that application and finds it incomplete. Specifically, Davis failed to completely answer four questions. First, Davis has not answered Question 2 regarding her employment, employer, and wages. Second, she has not completed Question 3 concerning other sources of income because she fails to state the amount of disability or workers' compensation payments she receives monthly. Third, Davis has not fully answered Question 7 regarding the amount she contributes to her children's support. Fourth, in Question 8, Davis has

not indicated the frequency of her school tuition payments and to whom they are payable. Finally, Davis made a dubious assertion in her response to Question 6, which claims a regular monthly gas bill of $1,525.80.[1] For these reasons, the Court denies Davis's application without prejudice.

## II. Employment Discrimination Complaint

Similarly, Davis's Employment Discrimination Complaint is incomplete and subject to dismissal. *See* Doc. 1. In Question 1, she states that the lawsuit is based on Title VII and "Other," but she does not describe the "other" discrimination as required. Her response to Question 3 lists only two of the four defendants she named in her caption. Likewise, Davis did not answer when the alleged discrimination occurred (Question 5), the date she filed her charge of discrimination with the Missouri Commission on Human Rights (Question 6), or the date she filed her charge of discrimination with the EEOC (Question 7). Further, similar to Question 1, her response to Question 11 indicates that she was discriminated against because of "other" but provides no explanation. And most glaringly of all, when prompted to state the essential facts of her claim and specifically describe the discriminatory conduct in Question 12, she referred only to an attachment that she failed to submit. Accordingly, Davis must file an amended complaint that cures all deficiencies or the Court will have no choice but to dismiss this case. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

Davis also has failed to attach a copy of the necessary documentation she submitted to the EEOC. Davis properly included her right-to-sue letter with her complaint.[2] Doc. 1-1. However, she has not provided the Court with a copy of the charge of discrimination she filed with the EEOC.

---

[1] If this amount includes a prior debt to the gas company, Davis must instead list that amount in response to Question 8 regarding other debts or financial obligations.

[2] However, Davis has not attached a right to sue letter from the Missouri Commission on Human Rights (MCHR). If Davis seeks to pursue a claim under the MHRA, she must attach that right to sue letter as well. *See Hammond v. Mun. Corr. Inst.*, 117 S.W.3d 130, 136 (Mo. Ct. App. 2003) ("A right-to-sue letter from the EEOC does not give rise to a right-to-sue under the MHRA; the plaintiff must first receive a right-to-sue letter from the MCHR.").

Consequently, the Court orders Davis to supplement her complaint by submitting a copy of her charge of discrimination so that the Court may ascertain whether the claims in the Complaint are like or reasonably related to the claims outlined in her charge. *See Duncan v. Delta Consolidated Indus., Inc.,* 371 F.3d 1020, 1024–25 (8th Cir. 2004).

## CONCLUSION

Accordingly, the Court **DENIES** Davis's [2] Application to Proceed in District Court without Prepaying Fees or Costs. The Court orders that Davis must either pay the full filing fee of $405 or file a complete application to proceed in forma pauperis. Further, the Court orders that Davis must file a complete amended complaint and include a copy of her charge of discrimination filed with the EEOC as well as her right to sue letter from the MCHR (should she wish to pursue that claim). **Davis's failure to comply with this order in full by November 3, 2025, will result in a dismissal of this action without prejudice and without further notice to her.**

The Clerk of Court is directed to mail Davis another form application and form employment discrimination complaint along with a copy of this order.

So ordered this 20th day of October 2025.

ZACHARY M. BLUESTONE
UNITED STATES DISTRICT JUDGE