UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

DEBORAH DAVIS,                          )
                                        )
         Plaintiff,                     )
                                        )
v.                                      )        Case No. 4:25-CV-1546-JSD
                                        )
THE ADVANCED COMPOSITE CENTER,          )
et al.,                                 )
                                        )
         Defendants.                    )

## MEMORANDUM AND ORDER

This matter is before the Court upon self-represented Plaintiff Deborah Davis's

Application to Proceed in District Court Without Prepaying Fees or Costs. (ECF No. 2). Having

reviewed the Application and the financial information submitted in support, the Court will grant

the Application and waive the filing fee. As Plaintiff is now proceeding *in forma pauperis*, the

Court must review her complaint under 28 U.S.C. § 1915. Based on such review, the Court will

dismiss this matter without prejudice, for failure to state a claim upon which relief may be

granted.  *See* 28 U.S.C. § 1915(e)(2).

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma*

*pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted.

An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490

U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does

not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp.*

*v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads

factual content that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**Background**

On October 14, 2025, Plaintiff filed an Employment Discrimination Complaint ("Complaint") against her former employers, the Advanced Composite Center (ACC) and

2

Boeing,[1] as well as two Boeing employees. (ECF No. 1). She alleged employment discrimination based on an unspecified "Other" category. (*Id*. at 5). She stated that the lawsuit was based on Title VII and "Other," but she does not describe the "other" discrimination as required. (*Id*. at 1-2). Her response to Question 3 listed only two of the four defendants she named in her caption. (*Id*. at 2). Likewise, Plaintiff did not answer when the alleged discrimination occurred (Question 5), the date she filed her charge of discrimination with the Missouri Commission on Human Rights (Question 6), or the date she filed her charge of discrimination with the EEOC (Question 7). (*Id*. at 3). When prompted to state the essential facts of her claim and specifically describe the discriminatory conduct in Question 12, she referred only to an attachment that she failed to submit. (*Id*. at 5). Plaintiff also failed to file the charge of discrimination that she filed with the EEOC.

On October 20, 2025, the Court reviewed Plaintiff's Complaint and determined it was subject to dismissal. The Court ordered Plaintiff to file an amended complaint. (ECF No. 3). The Court explained that Plaintiff would need to cure the deficiencies in the Complaint, such as answering all the questions on the form. (*Id*. at 2). The Court also directed Plaintiff to file a copy of her charge of discrimination with the EEOC and with the Missouri Commission on Human Rights. (*Id*. at 3). Finally, the Court ordered Plaintiff to file a complete Application to Proceed in District Court Without Prepaying Fees or Costs. (*Id*. at 2).

**Amended Complaint**

On November 3, 2025, Plaintiff filed an Amended Employment Discrimination Complaint ("Amended Complaint") and an Application to Proceed in District Court Without Prepaying Fees or Costs. (ECF Nos. 5 and 6). In the Amended Complaint, Plaintiff names only

---

[1] Boeing acquired the ACC sometime prior to Plaintiff's termination. For clarity, the Court will refer to Plaintiff's prior employer as Boeing.

the ACC and Boeing as defendants. (ECF No. 5 at 1). She alleges that discrimination took place under Title VII and the Americans with Disabilities Act. (*Id*.) She lists August 16, 2024 as the date the discrimination occurred. (*Id*. at 2). The conduct complained of includes failure to hire, termination of employment, and retaliation. (*Id*. at 4). She claims that the discrimination based on her race, color and "Other," which she describes by saying that she filed an EEOC claim a few years ago based on race and gender, and she spoke up for other employees. (*Id*. at 5).

The Amended Complaint is difficult to follow, as it does not appear to present facts in chronological order. The facts supporting Plaintiff's claims are found in two different sections of the Amended Complaint and do not always align with each other. Plaintiff states that she worked for her prior employer for nearly 11 years. (*Id*.) She claims that Boeing and "the union" agreed to place Plaintiff and other long-term employees on probation for 120 days. (*Id*. at 5, 10) At another point in the Amended Complaint, Plaintiff states that she was placed on probation for 90 days. (*Id*. at 10). It is unclear exactly when this probationary period started. After Plaintiff was placed on probation, she states that she complained to management and human resources on the adverse impact of African Americans not getting lead positions. (*Id*. at 5). She claims that she applied for a lead position but was not awarded the lead position until a year later. (*Id*.)

She states that a target was placed on her back by team leaders. (*Id*.) She was called incompetent and unworthy. (*Id*. at 5-6). She claims that her managers tried to get her to do jobs incorrectly. (*Id*. at 6). This occurred in 2020-2022. (*Id*.) She claims that she was retaliated against when she was fired in August 2024 without explanation. (*Id*.) She states that her termination occurred "immediately after she engaged in protected activity and publicly supported others who filed EEOC complaints…." (*Id*. at 11). It is unclear what protected activity Plaintiff is referring to and when this protected activity occurred, as she previously stated that her prior EEOC

complaint was filed years prior. (*Id*. at 5). Although she seems to allege a claim under the Americans with Disabilities Act, she never identifies what disability she has, nor any facts that would indicate she was discriminated against due to a disability. Plaintiff's charge of discrimination which she filed with the EEOC is incomplete and includes only one of three pages. (ECF No. 5-1 at 3).

## Discussion

After a careful review, this action must be dismissed under 28 U.S.C. § 1915(e).  Plaintiff fails to provide any facts suggesting that her treatment by Boeing was based on her membership in a Title VII protected class. To the extent that Plaintiff is also asserting a violation of the Americans with Disabilities Act ("ADA"), this claim also fails because Plaintiff has not pled a disability. As discussed in detail below, the Court finds that Plaintiff's Complaint fails to state claims under both Title VII and the ADA.  Therefore, this case will be dismissed for failure to state a claim upon which relief may be granted.  *See* 28 U.S.C. § 1915(e)(2)(B).

## I.     Title VII Claim

Title VII makes it unlawful for an employer to discriminate against an individual because of her race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2. To establish a prima facie case of Title VII discrimination, a plaintiff must show that she: (1) is a member of a protected class; (2) was meeting her employer's legitimate job expectations; (3) suffered an adverse employment action; and (4) was treated differently than similarly situated employees who were not members of her protected class. *Jackman v. Fifth Judicial Dist. Dep't of Corr. Servs.*, 728 F.3d 800, 804 (8th Cir. 2013) (citation omitted).

In this case, Plaintiff's allegations fail to meet these pleading requirements. According to Plaintiff's charge of discrimination, she is a member of a Title VII protected class. Nonetheless,

5

Plaintiff does not allege that when she applied for lead in her department, she was qualified for and/or could fulfill the legitimate employment expectations. In addition, Plaintiff never details any disparate treatment, and the Complaint is void of any allegations that similarly situated employees of a different race or color were treated more favorably. Finally, there are no facts alleged suggesting that Boeing did not grant Plaintiff employment due to Plaintiff's membership in a Title VII protected class. This Court cannot assume facts that are not alleged in the complaint. *Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004). Nothing in the Complaint indicates that Plaintiff's treatment by Boeing was rooted in any illegal discriminatory animus.

Finally, Title VII prohibits retaliation against an employee "because he has opposed any practice made an unlawful employment practice by [Title VII], or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [Title VII]." 42 U.S.C. § 2000e–3(a). To establish a prima facie case of Title VII retaliation, a plaintiff must show that: (1) she engaged in protected conduct; (2) she suffered a materially adverse employment action; and (3) the adverse action was causally linked to the protected conduct. *Jackman*, 728 F.3d at 804 (citation omitted).

Here, Plaintiff claims that she filed an EEOC case "a few years back" for discrimination based on race and gender. ECF No. 1 at 5. Regardless, there are no facts suggesting a link between the prior EEOC case filed a few years back and her being denied opportunities by Boeing or being terminated by Boeing. Without any evidence of a causal link between the complaints and treatment by Boeing, Plaintiff fails to plead a Title VII retaliation claim.

For all these reasons, Plaintiff's Complaint fails to state a claim of discrimination or retaliation under Title VII of the Civil Rights Act, and therefore, these claims be dismissed under 28 U.S.C. § 1915(e)(2)(B).

6

## II.    ADA Claim

The Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et seq.*, prohibits covered employers from discriminating against a "qualified individual" on the basis of disability. 42 U.S.C. § 12112(a). To establish discrimination under the ADA, a plaintiff must allege she (1) is disabled within the meaning of the ADA, (2) is a qualified individual under the ADA, and (3) has suffered an adverse employment action because of her disability. *See Hill v. Walker*, 737 F.3d 1209, 1216 (8th Cir. 2013).

The ADA defines a "disability" as: "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(1).  The threshold inquiry of determining whether plaintiff is disabled within the meaning of the ADA requires an individualized analysis of the effects of the claimed impairment on plaintiff's life activities.  *Sutton v. United Air Lines, Inc.*, 527 U.S. 471, 483 (1999); *Mathieu v. Gopher News Co.*, 273 F.3d 769, 775 (8th Cir. 2001).

Here, Plaintiff has not alleged that she has a disability cognizable within the ADA. In fact, Plaintiff's complaint does not name a disability at all. Without such basic facts, Plaintiff fails to state a claim of discrimination under the ADA. Because Plaintiff fails to state any facts supporting a physical or mental impairment that substantially limits one or more major life activities, her ADA claim of disability discrimination against Boeing must be dismissed.

### Conclusion

Plaintiff's motion to proceed without prepayment of fees and costs will be granted, and the filing fee will be waived. But, for the numerous reasons discussed in this Order, the Court

7

finds that Plaintiff's complaint fails to state a claim of employment discrimination under both Title VII and the ADA. Accordingly, this case will be dismissed under 28 U.S.C. § 1915(e)(2).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to proceed *in forma pauperis* [ECF No. 6] is **GRANTED** and the filing fee is waived.

**IT IS FURTHER ORDERED** that the Clerk shall **not** issue process or cause process to issue upon the Complaint because the Complaint fails to state a claim upon which relief can be granted under 28 U.S.C. § 1915(e)(2). Plaintiff's complaint is **DISMISSED without prejudice**.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 5th day of May, 2026.


_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE